# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

In re:

**PRECEDENT HEALTH CENTER OPERATIONS LLC,**

Debtor,

**JEANNE Y. JAGOW, TRUSTEE OF
PRECEDENT HEALTH CENTER OPERATIONS LLC,**

Plaintiff,

vs.

**MUTUAL OF OMAHA INSURANCE COMPANY,**

Defendant.

Case No. 99-18326-SBB
Chapter 7

Adversary Action

Case No. 08 1056 SBB

## BRIEF

## <u>INTRODUCTION</u>

The Motion of Defendant, Mutual of Omaha Insurance Company ("Mutual of Omaha"), should be granted pursuant to 28 USC § 157(d) because withdrawal of the reference is mandatory if resolution of the adversary complaint requires consideration of federal laws, regulations and organizations such as the Department of Health and Human Services (DHHS), which affect interstate commerce. 28 U.S.C. § 157(d) provides:

> (d)     The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Regardless how Plaintiff, Jeanne Y. Jagow, Trustee of Precedent Health Center Operations LLC ("Plaintiff") characterizes its claim, such claims are inextricably intertwined

- 2 -

with the Medicare Act and its implementing regulations and no decision can be rendered without extensive evaluation and interpretation of complex Medicare rules and regulations to determine if Plaintiff was entitled to the Medicare payments it ultimately contends it was entitled to receive. Because no bankruptcy statutes, rules or issues are involved in that interpretation, the Court must withdraw the reference.

## BACKGROUND AND FACTUAL ALLEGATIONS

The Plaintiff, Jeanne Y. Jagow, filed a Complaint for Declaratory Judgment on January 15, 2008 (Bkrcy. Court Adv. Pro. No. 08 1056 SBB Docket No. 1). The Complaint contains the following allegations:

- Mutual of Omaha is a fiscal intermediary within the definition of the Rules and Regulations of the Department of Health and Human Services (DHHS) for Medicare. (Complaint ¶ 2.)

- Precedent was a provider of Medicare services, and was required to comply with DHHS regulations contained in the Medicare Financial Management Manual. (Complaint ¶ 11.)

- Mutual of Omaha had a contract with the DHHS to function as a fiscal intermediary and was required to comply with that contract and the regulations contained in the Manual. (Complaint ¶ 12.)

- A provider must submit to the fiscal intermediary a Cost Report complying with the regulations of the Manual and the requirements of DHHS. (Complaint ¶ 13.)

- Mutual of Omaha completed a review of Cost Reports submitted by Precedent "in accordance with the procedures of the Manual," but "failed to comply with the procedures contained in Chapter 8 of the Manual." (Complaint ¶ 14.)

- 3 -

- Precedent disagreed with Mutual of Omaha's processing, and filed an appeal to the Provider Reimbursement Review Board (PRRB). (Complaint ¶ 15.)

- The parties reached a settlement agreement that was approved by the Bankruptcy Court. (Complaint ¶¶ 16-17.)

- Mutual of Omaha "failed to perform its obligations and responsibilities *pursuant to Medicare Rules and Regulations as set forth in the Medicare Financial Management Manual*," including "improperly applying Medicare Regulations," "[f]ailing to comply with Medicare Guidelines regarding Cost Reports," "[f]ailing to comply with Guidelines relating to Desk Reviews," and "[f]ailing to comply with procedures and Guidelines to resolve Cost Report dispute." (Complaint ¶ 20)(emphasis added.)

- Mutual of Omaha is liable "for all sums due from Medicare for reimbursement because of its failure to comply with the aforementioned provisions of the Manual." (Complaint ¶ 21.)

- Mutual of Omaha is liable for "statutory penalties" (no statute is cited) and exemplary damages "for failure to comply with the applicable regulations and procedures of DHHS." (Complaint ¶ 22.)

- A prayer for declaratory judgment "determining the sums due plaintiff . . . in accordance with the Final Cost Report" and a prayer for declaratory judgment for penalties and exemplary damages "for defendant's failure to comply with the applicable regulations and procedures of DHHS." (Complaint Prayer.)

- 4 -

With no specificity, Plaintiff also alleged, in purely conclusory fashion, that the alleged failures of Mutual of Omaha to comply with Medicare Rules and Regulations "constitute fraudulent conduce (sic)." (Complaint ¶ 20.)

Mutual of Omaha denied any liability and affirmatively asserted that the DHHS was a necessary party (Answer ¶ 28; Bkrcy. Court Adv. Pro. No. 08 1056 SBB Docket No. 7.)

On behalf of DHHS, the United States Attorney for the District of Colorado, filed a Motion to Substitute and Intervene DHHS for Mutual of Omaha, because DHHS is the real party in interest in an action seeking determination and payment of Medicare claims. (Bkrcy. Court Adv. Pro. No. 08 1056 SBB Docket No. 11.)  DHHS not only based its request to intervene on FRCP 24(a), but also on FRCP 24(b)(2), a provision that ordinarily allows intervention by the federal government as a matter of course when the case will involve the interpretation of federal statutes and regulations.  (Docket No. 11, p. 8-11.)  The Bankruptcy Court initially granted the request for substitution (Bkrcy. Court Adv. Pro. No. 08 1056 SBB Docket No. 13), but upon motion for reconsideration filed by the Plaintiff (Bkrcy. Court Adv. Pro. No. 08 1056 SBB Docket No. 17), the Bankruptcy Court reversed its previous determination and not only denied substitution, but also denied the request by DHHS to intervene, thereby denying DHHS the opportunity to address and interpret the Medicare Act and its implementing, rules and regulations which are inextricably intertwined with the allegations of the Adversary Complaint.  (Bkrcy. Court Adv. Pro. No. 08 1056 SBB Docket No. 18.)

- 5 -

## MEDICARE PROCESS

The issues raised by the Adversary Complaint could require a reviewing court to interpret the Medicare program cost reporting requirements and procedures. An overview of that process is discussed in the paragraphs below.

The Medicare program was established by Congress in Title XVIII of the Social Security Act to assist elderly and disabled persons in the purchase of necessary health care. *See* 42 U.S.C. §1395 *et. seq.* (commonly referred to as the "Medicare Act"). If a health care provider wishes to be reimbursed for services under the Medicare program, the provider must enter into a written agreement with the Secretary of DHHS ("Secretary") known as a "provider agreement," which incorporates various provisions of the Medicare Act and its implementing regulations. *See* 42 U.S.C. §§ 1395c, 1395f, 1395g, 1395x(u), and 1395cc; 42 C.F.R. Part 413, Subpart E; 42 C.F.R. § 424.5(a)(2); and 42 C.F.R. Part 489.

Under the Medicare Act, a fiscal intermediary - in this case, Mutual of Omaha, may process on DHHS's behalf, as an agent of the federal government, payments made to Medicare-participating providers such as Precedent. *See* 42 U.S.C. §§ 1395f, 1395g(a), and 1395cc(a). DHHS contracts with a fiscal intermediary to determine and make the Medicare payments. *See* 42 C.F.R. § 421.3. The fiscal intermediary then implements, for DHHS, the payment schemes mandated by the Medicare Act and its Rules and Regulations. 42 U.S.C. § 1395h; 42 U.S.C. § 421.103. DHHS is required by statute to pay providers (such as Precedent) for the services which they provide to Medicare beneficiaries. 42 U.S.C. § 1395g(a). To ensure that providers are paid promptly, the statute requires that Medicare payments be made periodically, on an interim basis, before an audit is conducted to determine the precise amount of reimbursement

due under applicable law. These interim payments are made in advance during a provider's fiscal cost report year, on the basis of an estimate of what the provider's "reasonable cost" will be for a given period. 42 C.F.R § 413.60. After the provider's cost report year is over, the provider submits its year-end cost report, and a "reasonable cost" determination is made by the fiscal intermediary. See 42 U.S.C. § 1395g and 42 C.F.R § 413.60. Through the cost report process, the interim payments that were made are reconciled with the actual Medicare reimbursement amounts that the provider was actually entitled to for the cost report year. 42 C.F.R Part 413, Subpart E. After this reconciliation, DHHS (or a fiscal intermediary) issues to the provider a "Notice of Program Reimbursement" ("NPR"), which identifies any adjustments in reimbursement that have been made and calculates the amount of any Medicare underpayment and reimbursement due the provider, or the amount of any Medicare overpayment and reimbursement the provider owes to the program. See 42 C.F.R § 405.1803. In making any further interim payments, DHHS makes adjustments to take into account prior overpayments or underpayments. *See* 42 U.S.C. §§1395g(a) ("The Secretary shall periodically determine the amount which should be paid under this part to each provider of services with respect to the services furnished by it ... with necessary adjustments on account of previously made overpayments or underpayments."); *see also* 1395x(v)(I)(A)(ii); *United States* v. *Consumer Health Servs. of America,* 108 F.3d 390, 394 (D.C. Cir. 1997).

If a provider is dissatisfied with the determination regarding a payment, Congress and DHHS have provided very specific and limited procedures for reviewing payment determinations made by intermediaries. 42 U.S.C. §§ 1395ff(b)(1), 1395pp(d); 42 C.F.R. § 405.701 *et seq.* If a provider is dissatisfied with the NPR determination on a year-end cost

report and the amount in controversy is $10,000.00 or more, the provider may request a hearing before the Provider Reimbursement Review Board ("PRRB"), a five-member administrative tribunal established by Congress. *See* 42 U.S.C. § 1395oo; 42 C.F.R. Part 405, subpart R. Within 60 days after a PRRB decision is issued, the Secretary, on his own motion, may reverse, affirm or modify that decision. *See* 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1875. The PRRB's decision is subject to judicial review by filing a civil action in the appropriate federal district court. *See* 42 U.S.C. § 1395oo(f); 42 C.F.R. § 405.1877. Medicare determinations by the Secretary may be reviewed through the various avenues specified in the Social Security Act. *See* 42 U.S.C. § 1395ii (providing that section 405 applies to the statutory provisions governing Medicare, except that in applying section 405, references to "Social Security" shall be considered references to the "Department of Health and Human Services"); 42 U.S.C. § 405(g) (generally providing an avenue of judicial review for Social Security decisions); 42 U.S.C. § 1395oo(f)(1) (providing for review by a district court of a reimbursement decision of the Provider Reimbursement Board).

The Congress has barred other avenues of review of Medicare determinations. 42 U.S.C. § 405(h) states, in pertinent part:

> No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or government agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this chapter.

42 U.S.C. § 405(h). For "decisions of the [Secretary]" relating to Medicare, section 405(h) thus "purports to make exclusive the judicial review method" set forth in the Social Security Act. *Shalala* v. *Illinois Council on Long-Term Care, Inc.,* 529 U.S. 1, 12 (2000). *See also Salas v.*

- 8 -

*Grancare, Inc.*, 22 P.3d 568 (Colo. App. 2001) (judicial review provision of the Social Security Act is the sole avenue of judicial review for all claims arising under the Medicare Act).

## PROCESS IN THIS CASE

The genesis of this action arose in the normal course of Medicare processing outlined above. As alleged in the Complaint, Precedent operated a health care facility in Denver, Colorado, and had a contract to provide services that would be reimbursed by Medicare through Medicare's fiscal intermediary, Mutual of Omaha. (Complaint ¶¶ 7, 8.) As a part of the standard Medicare reimbursement program, Precedent submitted cost reports for both fiscal years it was in operation, 1998 and 1999. (Complaint ¶ 13.) In accordance with Medicare statutes and Rules and Regulations, Mutual of Omaha issued a Notice of Program Reimbursement ("NPR") on January 16, 2001, for the fiscal years that ended December 31, 1998 and July 2, 1999. (Complaint ¶ 15.) Precedent objected to the program reimbursement determination and filed a request for hearing before the PRRB on July 12, 2001. (Complaint ¶ 15.) The dispute was settled before the PRRB rendered its decision, and Precedent withdrew its appeal. A Notice of Corrected Program Reimbursement was subsequently issued by Mutual of Omaha on October 17, 2002. (Complaint ¶¶ 16, 17.)

## ARGUMENT

The bankruptcy statute at 28 U.S.C. § 157(d) provides for mandatory withdrawal of the reference under certain circumstances: "The district court **shall**, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d) (emphasis added). That subsection

has been interpreted to mean mandatory withdrawal of the reference is required if the District Court can make "an affirmative determination that resolution of the claims will require substantial and material consideration of non-code statutes." *In re Lenard,* 124 B.R. 101, 102 (D. Colo. 1991). Accord *In re Westmoreland Coal Co.*, 221 B.R. 512 (D. Colo. 1998); *In re Van Vleet,* 2008 WL 4543834 (D. Colo. 2008). "'Substantial and material consideration,' in turn, 'arises when a determination of issues requires "significant interpretation of federal law that congress would have intended to have decided by a district judge rather than a bankruptcy judge," or where issues arising under non-title 11 laws dominated those arising under title 11.'" *In re Westmoreland Coal Co.*, 221 B.R. at 514 (quoting *In re Lenard*, 124 B.R. at 102). In this case, there can be no dispute that resolution of Plaintiff's claim (whether in tort or for recovery of Medicare benefits) will require a significant interpretation of the Medicare Act and regulations governing the Medicare program—a review that is usually performed by a federal district court judge. In addition, because there are no issues in this proceeding arising under title 11, the issues arising under non-title 11 laws clear dominate.

The precise issues present here were also present in *In re St. Mary's Hospital,* 115 B.R. 495 (E.D. Pa. 1990). In that case, the debtor claimed that it was entitled to additional reimbursement for Medicare services provided during previous years. The court determined that resolution of the claim for reimbursement is a Medicare question, and that the Bankruptcy Court would be engaging in a "complex search for the appropriate interpretation of a non-bankruptcy federal statute." *Id.* at 498.

The same result is mandated here. Although the Plaintiff may attempt to characterize its claim as one for common law fraud, the Complaint belies that assertion, and clearly does not

- 10 -

support such a claim. More importantly, regardless of the nature of the claim, the resolution of the issues raised by the Plaintiff will require an interpretation of what specific actions on the part of Mutual of Omaha may have been required by Medicare Rules and Regulations. As outlined above, the Complaint itself contains allegations showing that resolution of Plaintiff's claim will require substantial and material consideration of non-bankruptcy statutes related to Medicare:

1.  Plaintiff as a provider "was required to comply with the regulations prompted by DHHS." (Complaint ¶ 11.)

2.  Plaintiff contended "At all times mentioned, Defendant had a contract with the Department of Health and Human Services and was therefore required to comply with … the regulations contained in the Manual." (Complaint¶ 12.)

3.  Plaintiff contends Defendant "failed to comply with the required procedures contained in Chapter 8 of the Manual." (Complaint ¶ 14.)

4.  Plaintiff contends Defendant "failed to accept or reject the Report with the time required by law." (Complaint ¶ 19.)

5.  Plaintiff contends Defendant "failed to perform its obligations and responsibilities pursuant to Medicare Rules and Regulations as set forth in the Medicare Financial Management Manual." (Complaint ¶ 20.)

All the issues raised by the plaintiff are inextricably intertwined with the Medicare Act, and issues related to compliance with federal laws and Medicare regulations have nothing to do with interpretations of the Bankruptcy Code. Even the evaluation of a claim of fraud will require significant interpretation of the Medicare Act and Rules and Regulations because Plaintiff's entire claim is premised on the assertion that it was entitled to receive Medicare payments, and that but for Mutual of Omaha's actions, it would have received said payments. In other words, even a fraud claim by Plaintiff can survive only if Plaintiff can first prove that it was entitled to recover the reimbursements it sought. That issue cannot be resolved without significant evaluation and interpretation of the Medicare Act and Rules and Regulations.

- 11 -

In addition, because there is no need to consider any title 11 statutes to resolve Plaintiff's claim, it can only be concluded that consideration of non-title 11 laws predominates over consideration of title 11.  Under the authority of prior decisions from this district, withdrawal is therefore required.

Even the decisions in the *Lenard* and *Westmoreland* cases, where mandatory withdrawal was denied, demonstrate the propriety of withdrawal here.  In *In re Lenard*, the Debtor was a defendant in a dischargeability action brought under Sec. 523 and 727 of the federal Bankruptcy Code, where the government was seeking to prohibit the discharge of fines and penalties related to violations of the Federal Trade Commission Act 15 USC §§ 41-58.  In that matter, foundation for the adversary proceeding was the issue of dischargeability.  In addition, the District Court noted that the non-bankruptcy federal claims in *Lenard* would not be determined by the Bankruptcy Court, but rather "determined ultimately by the District Court in Iowa."  124 B.R. 103.  Of course, the same cannot be said here, where the underlying claim has nothing to do with the Bankruptcy Code, and all issues related to the Medicare claims must be decided by this District Court.

Likewise, in *In re Westmoreland*, the District Court was asked to withdraw the reference in a case where the primary underlying issue was the determination of administrative priority, which the District Court observed is resolved primarily with reference to the Bankruptcy Code.  Again, no reference to the Bankruptcy Code is required in this case.  Rather, the District Court will be required to examine the complexities of the Medicare scheme to determine if Plaintiff was entitled to any further payment under Medicare Rules and Regulations.  Under the provisions of 28 U.S.C. § 157(d), withdrawal is mandated.

- 12 -

Alternatively, the District Court should also grant this motion to withdraw the reference for cause because under § 157(d) the reference to the Bankruptcy Court of a non-core but related proceeding may be withdrawn by the District Court for cause shown. This adversary proceeding is a non-core proceeding, as it does not meet the definition of a core proceeding under 28 U.S.C. § 157(a)(2).[1] "Core proceedings are proceedings that involve rights created by bankruptcy law or which only arise in a bankruptcy proceeding. . . . Non-core proceedings can exist independent from the bankruptcy proceeding, as they do not invoke substantive rights created by the bankruptcy." *In re Telluride Income Growth, L.P.*, 364 B.R. 390, 397 -398 (10th Cir. 2007) (citations omitted). *See also In re Schempp Real Estate, LLC,* 303 B.R. 866, 873 (Bkrtcy. D. Colo. 2003) ("Since core proceedings are defined as those which arise under title 11 or arise in a case under title 11, they 'are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings.'") (Citation omitted.) This action is clearly an action that could have been brought outside of the Bankruptcy Court, and the recovery sought by Plaintiff does not arise from the Bankruptcy Act or invoke any bankruptcy concept. However, it is related to a case under title 11, and therefore may be heard by the Bankruptcy Court pursuant to § 157(c)(1). Because this is not a core proceeding, any findings of fact and conclusions of law, and any final order or judgment must be submitted to the District Court for *de novo* review. Thus, judicial economy dictates that the matter be heard in the first instance by the District Court; no economy is gained by an initial advisory review by the Bankruptcy Court

---

[1] Although Mutual of Omaha admitted in paragraph 5 of its Answer that this matter is a core proceeding, given the issues before the Court, Mutual of Omaha intends to move to amend its Answer (Answer 5) to deny that allegation. In any event, that issue does not impact the analysis here as the determination of whether a matter is a core proceeding is based on the Bankruptcy Code, not a party's pleadings.

- 13 -

of a non-core proceeding that must ultimately be reviewed by the District Court.  See *In re Westmoreland*, 221 B.R. at 515.  Nor is the delay caused by such a process justified by any other relevant concern.   Keeping the matter in the Bankruptcy Court will do nothing to foster uniformity in bankruptcy proceedings, since no bankruptcy issues are present.  In sum, because the issues presented by this claim have so little connection with bankruptcy issues, and because they involve such intimate consideration of Medicare Act and Rules and Regulations "good cause" exists for the court to withdraw the reference.

## **CONCLUSION**

For the foregoing reasons, the District Court is respectfully urged to grant Mutual of Omaha's Motion to Withdraw the reference and to move this matter to the docket of the District Court for further proceedings.

Dated this 31st day of December, 2008.

**RESPECTFULLY SUBMITTED,**

**MURPHY DESMOND, S.C.**
Attorneys for Mutual of Omaha Insurance
Company

By:    _____
Edward A. Corcoran
Colorado Attorney ID No. 32880
33 E. Main St., Suite 500 (53703)
P. O. Box 2038
Madison, WI 53701-2038
TEL:   (608) 257-7181
FAX:   (608) 257-2508
ecorcoran@murphydesmond.com

DOCKET NO. 1

08 1056   SBB

## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLORADO (DENVER)

In re:

**PRECEDENT HEALTH CENTER OPERATIONS LLC**

                                    **Debtor.**

**JEANNE Y. JAGOW, TRUSTEE OF
PRECEDENT HEALTH CENTER OPERATIONS LLC,**

                                    **Plaintiff,**

vs.

**MUTUAL OF OMAHA INSURANCE COMPANY,**

                                    **Defendant.**

**Case No. 99-18326-SBB
Chapter 11**

**Adversary Action**

Case No.

FILED
BRADFORD L. BOLTON, CLERK

JAN 1 5 2008

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff, Jeanne Y. Jagow, Trustee of Precedent Health Center Operations LLC and for her cause of action against the defendant, Mutual of Omaha Insurance Company, states:

### I. The Parties

1.     Plaintiff Jeanne Y. Jagow is the duly appointed, qualified, and acting Chapter 7 Trustee in the bankruptcy proceeding of Precedent Health Center Operations LLC ("Precedent") and is instituting this proceeding in her capacity as Chapter 7 Trustee.

2.     Defendant Mutual of Omaha Insurance Company is a corporation duly organized and existing according to law and is a fiscal intermediary within the definition of the Rules and

PAID
Receipt # 211423
Date 1/16/08
Amount 250.00

Regulations of the Department of Health and Human Services Centers for Medicare and Medicaid Services (DHHS).

## II. Jurisdiction and Venue

3.      This Court has jurisdiction over this proceeding pursuant to *28 U.S.C. § 157(b)* and *28. U.S.C. § 1334.*

4.      Venue is proper in this district pursuant to *28 U.S.C. §§ 1408* and *1409.*

5.      This action is a core proceeding pursuant to *28 U.S.C. § 157(b)(c).*

6.      This action is being instituted pursuant to Part VII of the *Federal Rules of Bankruptcy Procedure* in which plaintiff is seeking a declaratory judgment and other relief as to the rights and liabilities of the parties and the recovery of monies owed plaintiff.

## III. Background

7.      Precedent is a limited liability company that formerly operated a health care facility in Denver, Colorado.

8.      The health care facility provided services for patients and was a facility licensed by the Department of Health and Human Services for providing Medicare and Medicaid services.

9.      On July 1, 1999, Precedent filed a voluntary petition in this Court pursuant to Chapter 7 of Title 11 of the *United States Code* and an Order for Relief was thereafter entered.

10.     Plaintiff is qualified as the Chapter 7 Trustee in that proceeding and continues to serve in that capacity.

## IV. Cause of Action

11.     The health care center formerly operated by Precedent was a provider of Medicare and Medicaid services, and as such was required to comply with the regulations promulgated by DHHS and contained in the Medicare Financial Management Manual (the Manual), providing among other things procedures for Provider Audits.

12.     At all times herein mentioned, defendant had a contract with the Department of Health and Human Services to function and perform the duties of a fiscal intermediary and was therefore required to comply with that contract and the regulations contained in the Manual.

13.     In order to obtain reimbursement for Medicare services performed, the Provider must prepare and submit to the fiscal intermediary a Cost Report complying with the regulations of the Manual and the requirements of DHHS.  The original Cost Reports for 1998 and 1999 were timely filed on behalf of the Provider and accepted by defendant.

14.     After acceptance of the Cost Reports, defendant completed a review in accordance with the procedures of the Manual in a timely manner.  However, defendant failed to include adjustments for "net depreciation" and "related party" transactions.   In not making these adjustments, defendant failed to comply with the required procedures contained in Chapter 8 of the Manual, thereby depriving the Provider from obtaining an accurate report for Medicare.

15.     On January 16, 2001 the defendant issued a Notice of Program Reimbursement (NPR) for the 1999 fiscal year.  Plaintiff disagreed with the NPR and thereafter prosecuted an appeal to the Provider Reimbursement Review Board (PRRB).

16.     Prior to an adjudication by the PRRB, the parties reached a settlement of the following issues presented in the appeal:

(a)     Whether the adjustment to reimbursement for inpatient hospital capital-related costs per capital federal specific was proper.

(b)     Whether the adjustment to the Provider's costs from a "new Hospital" to an "old Hospital" and to reimburse the Provider for capital costs under the hold harmless 100 percent rate was proper.

(c)     Whether the adjustment to reimbursement to re-classify interest expense from new capital, movable equipment to administrative and general was proper.

(d)     Whether the adjustment to depreciation of new capital, movable equipment to a seven-year average depreciable life was proper.

17.     The settlement, approved by the Court, resulted in a Notice of Corrected Program Reimbursement (NCPR) issued on October 17, 2002.

18.     On July 2, 2005 a Final Cost Report was issued by plaintiff within the time required by the Manual.   That Report contained adjustments that were required to have been made by defendant in the original Cost Report.

19.     Defendant received the Final Cost Report on July 5, 2005 but has failed to accept or reject the Report within the time required by law.   Defendant has further failed to issue a NPR by July 6, 2006 as required by law, thereby depriving plaintiff of her rights to reimbursement.

20.     Defendant failed to perform its obligation and responsibilities pursuant to Medicare Rules and Regulations as set forth in the Medicare Financial Management Manual, including, but not limited to the following:

(a)     Failing to provide information to be included in the Permanent File.

(b)     Failing to provide a required response to the Amended Cost Report.

(c)     Representing to the Court that the Facility should be classified as an "Old Hospital", but failing to include Net Depreciation on the Cost Report.

(d)     Failing to include Capital Assets and Losses on behalf of the Debtor after the filing of the Original Cost Reports.

(e)     Intentionally avoiding and improperly applying Medicare Regulations to the Cost Reports for years 1998 and 1999.

(f)     Failing to comply with Medicare Guidelines regarding Cost Reports.

(g)     Failing to comply with Guidelines relating to Desk Reviews.

(h)     Failing to comply with procedures and Guidelines to resolve Cost Report dispute.

The aforementioned violations and failures have been continuing or recurring  constitute fraudulent conduce on the part of the Defendant that resulted in damages to Plaintiff.

## V. Relief Requested

21.     Defendant is liable to plaintiff for all sums due from Medicare for reimbursement because of its failure to comply with the aforementioned provisions of the Manual.

22.     Defendant is liable for statutory penalties and exemplary damages for failure to comply with the applicable regulations and procedures of DHHS, including but not limited to damages to the Debtor's Estate as a result of the aforementioned acts, omissions and conduct.

**WHEREFORE,** plaintiff prays the Court for the following relief:

(a)     A declaratory judgment determining the sums due plaintiff from defendant in accordance with the Final Cost Report;

(b)     A declaratory judgment for statutory penalties and exemplary damages due for defendant's failure to comply with the applicable regulations and procedures of DHHS;

(c)     For the costs related to this action;

(d)     For such other and further relief as is just and proper.


BERMAN, DeLEVE, KUCHAN & CHAPMAN, L.C.

By _____

Ronald S. Weiss
Tracee L. Stout
2230 Commerce Tower
911 Main Street
Kansas City, Missouri 64105
(816) 471-5900
(816) 842-9955 Facsimile
*SPECIAL COUNSEL FOR PLAINTIFF,*
*JEANNE Y. JAGOW, TRUSTEE*

DOCKET NO. 7

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO (DENVER)

---

In re:

PRECEDENT HEALTH CENTER OPERATIONS LLC          Case No. 99-18326-SBB
                                                Chapter 11
                                Debtor,

JEANNE Y. YAGOW, TRUSTEE OF                      Adversary Action
PRECEDENT HEALTH CENTER OPERATIONS LLC,
                                                Case No.  08 1056 SBB
                                Plaintiff,

vs.

MUTUAL OF OMAHA INSURANCE COMPANY,

                                Defendant.

---

ANSWER, AFFIRMATIVE DEFENSES AND COUNTER CLAIM

---

Defendant, Mutual of Omaha Insurance Company, by its attorneys Brennan, Steil &
Basting, S.C., by Edward A. Corcoran, hereby answers the Complaint in the above matter as
follows:

1.    Defendant admits the allegations in Paragraph One (1) of the Complaint.

2.    Defendant admits the allegations in Paragraph Two (2) of the Complaint.

3.    Defendant admits the allegations in Paragraph Three (3) of the Complaint.

4.    Defendant admits the allegations in Paragraph Four (4) of the Complaint.

5.    Defendant admits the allegations in Paragraph Five (5) of the Complaint.

6.    Defendant admits the allegations in Paragraph Six (6) of the Complaint.

7.    Defendant denies the allegations in Paragraph Seven (7) of the Complaint, but

       admits Precedent Health Center Operations LLC ("Precedent") was a limited

liability company until it was administratively dissolved by the State of Colorado on January 1, 2004.

8.      Defendant denies information sufficient to admit or deny the allegations in Paragraph Eight (8) of the Complaint.

9.      Defendant admits the allegations in Paragraph Nine (9) of the Complaint.

10.     Defendant admits the allegations in Paragraph Ten (10) of the Complaint.

11.     Defendant admits only as to the period of time the "health care" facility operated by Precedent was licensed by the U.S. Department of Health and Human Services to provide Medicare and Medicaid services.

12.     Defendant admits the allegations in Paragraph Twelve (12) of the Complaint.

13.     Defendant admits the allegations in the first sentence of Paragraph Thirteen (13) of the Complaint. Defendant denies the allegations in the second sentence of Paragraph Thirteen (13) of the Complaint.

14.     Defendant admits the allegations in the first sentence of Paragraph Fourteen (14). Defendant denies the allegations in the second and third sentences of Paragraph Fourteen (14).

15.     Defendant admits the allegations in Paragraph Fifteen (15) of the Complaint.

16.     Defendant admits the allegations in Paragraph Sixteen (16) of the Complaint.

17.     Defendant denies the allegations in Paragraph Seventeen (17) of the Complaint, but admits that the settlement of PRRB Case No. 01-3181 was agreed to by the Defendant and Plaintiff on April 26, 2002, and approved by the Bankruptcy Court on August 23, 2002, and that as a result a "Notice of Correction - Program Reimbursement" was issued on October 17, 2002.

18.     Defendant denies the allegations in Paragraph Eighteen (18) of the Complaint.

19.     Defendant denies the allegations in Paragraph Nineteen (19) of the Complaint.

20.     Defendant denies the allegations in Paragraph Twenty (20) of the Complaint.

21.     Defendant denies the allegations in Paragraph Twenty-One (21) of the Complaint.

22.     Defendant denies the allegations in Paragraph Twenty-Two (22) of the Complaint.

## AFFIRMATIVE DEFENSES

23.     Defendant realleges and incorporates by reference Paragraphs 1 through 22 above.

24.     The Court lacks jurisdiction over the subject matter of the Plaintiff's claims.

25.     The Complaint fails to state a claim upon which relief can be granted.

26.     Plaintiff's claims are barred by failing to bring claims within the time required by law.

27.     Plaintiff's claims are barred by accord and satisfaction.

28.     Plaintiff has failed to join a necessary party, namely, the Centers for Medicare & Medicaid Services of the U.S. Department of Health and Human Services.

29.     Plaintiff has no right to the review of a Medicare fiscal intermediary's refusal to reopen a reimbursement determination under its Medicare contract with the Centers for Medicare & Medicaid Services of the U.S. Department of Health and Human Services.

30.     Plaintiff failed to exhaust all administrative remedies.

## COUNTER CLAIM

31.     Defendant realleges and incorporates by reference Paragraphs 1 through 30 above.

32.     That the Defendant made an overpayment in the amount of $947,767.00 to Plaintiff that was reduced by a total of $365,709.00, leaving a balance due and owing by the Plaintiff to the Defendant of $582,058.00.

33.     That in the event the Court determines any amounts are due and owing to Plaintiff, the Defendant is entitled to a judgment or the right to set off in the amount of $582,058.00.

WHEREFORE, Defendant, Mutual of Omaha Insurance Company, requests the following relief:

A.     Dismissal of Plaintiff's claims;

B.     A money judgment or approval of set off of claim in the amount of $582,058.00.

C.     Actual costs and attorneys' fees; and

D.     Any other relief the Court deems just and equitable.

Dated this 12th day of March, 2008.

**BRENNAN, STEIL & BASTING, S.C.**

Post Office Address:
22 East Mifflin Street, Suite 400 [53703]
PO Box 990
Madison, WI 53701-0990
608-251-7770
608-251-6626 fax

By:_____*s/Edward A. Corcoran*_____
        Edward A. Corcoran
        State Bar No. 32880 (Colorado)
        Attorneys for Defendant, Mutual of
        Omaha Insurance Company

M0050641.DOC

4

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO (DENVER)**

In re:

**PRECEDENT HEALTH CENTER OPERATIONS LLC**          **Case No. 99-18326-SBB**
                                                     **Chapter 11**
                        **Debtor,**

**JEANNE Y. YAGOW, TRUSTEE OF**                      **Adversary Action**
**PRECEDENT HEALTH CENTER OPERATIONS LLC,**
                                                     **Case No.  08 1056 SBB**
                        **Plaintiff,**

**vs.**

**MUTUAL OF OMAHA INSURANCE COMPANY,**

                        **Defendant.**

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that a true and correct copy of Defendant's Notice of Appearance and Answer were served on the following party today by U.S. Mail.

> Ronald S. Weiss
> Berman, DeLeve, Kuchan & Chapman L.C.
> 2230 Commerce Tower
> 911 Main, Ste. 2230
> Kansas City, MO  64105

Dated this 12th day of March, 2008.

Respectfully submitted,

**BRENNAN, STEIL & BASTING, S.C.**

Post Office Address:                           By:  *s/Edward A. Corcoran*
22 East Mifflin Street, Suite 400                   Edward A. Corcoran
PO Box 990                                          State Bar No. 32880 (Colorado)
Madison, WI 53701-0990                              Attorneys for Defendant, Mutual of Omaha
608-251-7770                                        Insurance Company
608-251-6626 fax

M0050623.WPD

DOCKET NO. 11

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRECEDENT HEALTH CENTER | ) | Case No. 99-18326-SBB |
| OPERATIONS, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor, | ) | |
| ———————————————— | ) | |
| | ) | |
| JEANNE Y JAGOW, Trustee of | ) | Adversary No. 08-01056-SBB |
| PRECEDENT HEALTH CENTER | ) | |
| OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MUTUAL OF OMAHA INSURANCE CO., | ) | |
| | ) | |
| Defendant/Counter-Claimant. | ) | |

## MOTION BY HHS FOR SUBSTITUTION
## OR, IN THE ALTERNATIVE, INTERVENTION

The United States Department of Health and Human Services ("HHS"), by its undersigned counsel, moves pursuant to Bankruptcy Rule 7017 and Federal Rule of Civil Procedure 17 for substitution of HHS in place of Defendant Mutual of Omaha, or in the alternative to intervene in the action pursuant to Bankruptcy Rule 7024 and Federal Rule of Civil Procedure 24.

## BACKGROUND

A.      The allegations

Plaintiff Jeanne Jagow is the chapter 7 Trustee of Precedent Health Center Operations LLC ("Precedent").  *See* Doc. 1 at ¶ 1.  Precedent formerly operated a health

care facility that was certified by the United States Department of Health and Human Services ("HHS") to provide Medicare and Medicaid Services. *Id.* at ¶¶ 7-8. Plaintiff has sued Mutual of Omaha Insurance Company ("Mutual of Omaha"), which serves as a fiscal intermediary for HHS. *Id.* at ¶ 2.

In the Adversary Complaint, Plaintiff alleges that Precedent was required to comply with the regulations promulgated by HHS and contained in the Medicare Financial Management Manual. Id. at ¶ 11. To obtain reimbursement for providing Medicare services, Precedent was required to submit costs reports. *Id.* at ¶ 13. These costs reports were submitted to HHS's fiscal intermediary, Mutual of Omaha. *Id.* at ¶ 12. As HHS's intermediary, Mutual of Omaha was required to process the cost reports in accordance with HHS's regulations. *Id.* at ¶ 13.

Plaintiff complains that Mutual of Omaha, in its capacity as HHS's fiscal intermediary, failed to properly process certain cost reports. Precedent disagreed with the "Notice of Program Reimbursement" for the 1999 fiscal year, and brought an appeal to the Provider Reimbursement Review Board ("PRRB"). *Id.* at ¶ 15. Before the PRRB ruled, however, a settlement was reached. *Id.* at ¶¶ 16-17. Plaintiff claims that after the settlement, Mutual of Omaha received a final cost report in 2005, but failed to accept or reject the report within the time required by law, failed to issue a new Notice of Program Reimbursement, and otherwise failed to act in accordance with "its obligation and responsibilities pursuant to Medicare Rules and Regulations as set forth in the Medicare Financial Management Manual." Id. at ¶¶ 19-20.

In the request for relief, Plaintiff seeks Medicare reimbursement, plus damages. Specifically, it seeks "all sums due from Medicare for reimbursement" that Precedent is

2

allegedly due from Medicare, as well as penalties and damages for the intermediary's "failure to comply with the applicable regulations and procedures of HHS." Id. at ¶¶ 21-22.  Plaintiff requests that the relief include a judgment "determining the sums due plaintiff" as well as declaring the intermediary's "failure to comply with the applicable regulations and procedures of HHS." *Id.* at 5.

**B.     The statute**

**1.     Reimbursements to providers**

The Medicare program was established by Congress in Title XVIII of the Social Security Act to assist elderly and disabled persons in the purchase of necessary health care. *See* 42 U.S.C. §1395 *et. seq.* (commonly referred to as the "Medicare Act").  If a provider wishes to be reimbursed for services under the Medicare program, the provider must enter into an agreement with the Secretary of HHS known as a "provider agreement," which incorporates various provisions of the Medicare Act and its implementing regulations. *See* 42 U.S.C. §§ 1395c, 1395f, 1395g, 1395x(u), and 1395cc; 42 C.F.R. Part 413, Subpart E; 42 C.F.R. § 424.5(a)(2); and 42 C.F.R. Part 489.

Under the Medicare statute, a fiscal intermediary — in this case, Mutual of Omaha — may process, on HHS's behalf, payments made to Medicare providers such as Precedent. *See* 42 U.S.C. §§ 1395f, 1395g(a), and 1395cc(a).  HHS contracts with a fiscal intermediary to determine and make the Medicare payments. *See* 42 C.F.R. § 421.3.  The fiscal intermediary then implements, for HHS, the payment schemes mandated by the Medicare Act and regulations.  42 U.S.C. §1395h; 42 U.S.C. § 421.103.

HHS is required by statute to pay providers (such as Precedent) for the services

3

they provide to Medicare beneficiaries. 42 U.S.C. §1395g(a). To ensure that providers are paid promptly, the statute requires that Medicare payments be made periodically, on an interim basis, before an audit is conducted to determine the precise amount of reimbursement due under applicable law. These interim payments are made during a provider's fiscal cost report year, on the basis of an estimate of what the provider's "reasonable cost" will be for a given period. 42 C.F.R. § 413.60.

After the provider's cost report year is over, the provider submits its year-end cost report, and a "reasonable cost" determination is made by the fiscal intermediary. See 42 U.S.C. § 1395g and 42 C.F.R. § 413.60. Through the cost report process, the interim payments that were made are reconciled with the actual Medicare reimbursement amounts that the provider was actually entitled to for the cost report year. 42 C.F.R. Part 413, Subpart E.

After this reconciliation, HHS (or an intermediary) issues to the provider a "Notice of Program Reimbursement" ("NPR"), which identifies any adjustments in reimbursement that have been made and calculates the amount of any Medicare underpayment and reimbursement due the provider, or the amount of any Medicare overpayment and reimbursement the provider owes to the program. See 42 C.F.R. § 405.1803. In making any further interim payments, HHS makes adjustments to take into account prior overpayments or underpayments. *See* 42 U.S.C. §§1395g(a) ("The Secretary shall periodically determine the amount which should be paid under this part to each provider of services with respect to the services furnished by it ... with necessary adjustments on account of previously made overpayments or underpayments."); *see also*

4

1395x(v)(1)(A)(ii); *United States v. Consumer Health Servs. of America*, 108 F.3d 390,

394 (D.C. Cir. 1997).

### 2.    Avenues of review of a reimbursement decision

If a provider is dissatisfied with the determination regarding an overpayment

determination, the provider can challenge the determination.  42 U.S.C. §§1395ff(b)(1),

1395pp(d); 42 C.F.R. §405.701 *et seq.*  If a provider is dissatisfied with the NPR

determination on a year-end cost report and the amount in controversy is $10,000.00 or

more, the provider may request a hearing before the Provider Reimbursement Review

Board ("PRRB"), a five-member administrative tribunal established by Congress. *See* 42

U.S.C. §1395oo; 42 C.F.R. Part 405, subpart R.   Within 60 days after a PRRB decision is

issued, the Secretary, on his own motion, may reverse, affirm or modify that decision. *See*

42 U.S.C. §1395oo(f)(1); 42 C.F.R. §405.1875.  The PRRB's decision is subject to judicial

review by filing a civil action in the appropriate federal district court. *See* 42 U.S.C.

§1395oo(f); 42 C.F.R. §405.1877.

Medicare determinations by the Secretary may be reviewed through the various

avenues specified in the Social Security Act. *See* 42 U.S.C. § 1395ii (providing that

section 405 applies to the statutory provisions governing Medicare, except that in applying

section 405, references to "Social Security" shall be considered references to the

"Department of Health and Human Services"); 42 U.S.C. § 405(g) (generally providing an

avenue of judicial review for Social Security decisions); 42 U.S.C. § 1395oo(f)(1)

(providing for review by a district court of a reimbursement decision of the Provider

Reimbursement Board).

Congress has barred other avenues of review of Medicare determinations. 42

U.S.C. § 405(h) states, in pertinent part:

> No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or government agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this chapter.

42 U.S.C. § 405(h). For "decisions of the [Secretary]" relating to Medicare, section 405(h)

thus "purports to make exclusive the judicial review method" set forth in the Social

Security Act. *Shalala v. Illinois Council on Long-Term Care, Inc.*, 529 U.S. 1, 12 (2000)

(hereinafter "*Illinois Council*").

## ARGUMENT

### I.      HHS should be substituted as the real party in interest.

HHS respectfully requests that Mutual of Omaha be dismissed from the Complaint,

and that HHS be substituted in its stead pursuant to Federal Rule of Civil Procedure 17.

Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real

party in interest." Where an action has not been brought by the proper party in interest, the

Court may, in lieu of dismissal, permit the real party in interest to "be substituted into the

action." Fed. R. Civ. P. 17(a)(3). In addition, Federal Rule of Civil Procedure 21 provides

that "the court may, at any time, on just terms, add or drop a party."

The law is clear that Mutual of Omaha, acting as HHS's intermediary, is not the

real party in interest in this action. The relevant regulations provide:

> *Indemnification of intermediaries and carriers.* Intermediaries and carriers act on behalf of the Administrator in carrying out certain administrative responsibilities that the law imposes. Accordingly, their agreements and contracts contain clauses for indemnification with respect to actions taken on behalf of CMS and CMS is the

6

real party of interest in any litigation involving the administration
of the program.

42 C.F.R. § 421.5(b)

This regulation is confirmed by the legislative history of the Medicare statute,

which makes clear Congress's intention that the government, not the intermediary, would

be the real party in interest in suits involving the administration of the program:

> In the performance of their contractual undertakings, the carriers and fiscal
> intermediaries would act on behalf of the Secretary, carrying on for him the
> governmental administrative responsibilities imposed by the bill. The
> Secretary, however, *would be the real party in interest* in the administration
> of the program and the Government would be expected to safeguard the
> interests of his contractual representatives with respect to their actions in the
> fulfillment of commitments under the contracts and agreements entered into
> by them with the Secretary.

S. Rep. No. 404, 89th Cong., 2d Sess., *reprinted in* 1965 U.S.C.C.A.N. 1943, 1995.

Accordingly, Mutual of Omaha is not the real party in interest in this action. *See,*

*e.g., Anderson v. Occidental Life Ins. Co. of Calif.*, 727 F.2d 855 (9th Cir. 1984); *Mitchell*

*v. Occidental Ins., Medicare*, 619 F.2d 28, 30 (9th Cir. 1980) (intermediaries and carriers

are not the real party in interest in actions involving the Medicare program); *Peterson v.*

*Weinberger*, 508 F.2d 45, 51-52 (5th Cir. 1975) (same); *Pine View Gardens, Inc. v. Mutual*

*of Omaha Ins. Co.*, 485 F.2d 1073, 1075-76 (D.C. Cir. 1973) (same); *Edgepark, Inc. v.*

*Nationwide Mutual Ins. Co.*, 746 F. Supp. 696, 698 (N.D. Ohio 1990) ("The plain meaning

of [the regulation's] words cannot be ignored. The carrier ... is the Secretary's agent and

whenever the carrier's administration of the ... Medicare program leads to its being named

in a lawsuit ... the Secretary is the real party in interest"). In addition, Mutual of Omaha is

protected both by sovereign immunity and by official immunity. *See Pani v. Emire Blue*

*Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998) (discussing both doctrines).

For the above-stated reasons, HHS moves for substitution of HHS in place of Mutual of Omaha as the real party in interest in this action, and for dismissal of Mutual of Omaha as a named party in this action. HHS further requests that after any order of substitution, that HHS be permitted to respond to the Complaint in its own capacity, asserting all defenses that may be available to it as a federal government agency.

## II.     In the alternative, HHS should be permitted to intervene.

In the event that the Court does not grant HHS's motion pursuant to Rule 17, HHS seeks leave to intervene in the action to defend its interests. HHS submits that it is entitled to intervention as of right in this proceeding, and also that permissive intervention is also warranted.

### A.     HHS is entitled to intervention as of right.

HHS should be permitted to intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a).

Rule 24(a) provides, in relevant part, "On timely motion, the court must permit anyone to intervene who ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The factors identified in Rule 24(a)(2) "are not rigid, technical requirements." *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc) (opinion of Hartz, J.). The Tenth Circuit has observed that "[t]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is

compatible with efficiency and due process." *Id.* (internal quotation marks omitted). "In short, Rule 24(a)(2), though speaking of intervention 'of right,' is not a mechanical rule. It requires courts to exercise judgment based on the specific circumstances of the case." *Id.* at 1199 (noting that there is not "rigid formula" but that "practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention"). This is particularly true where public laws are at stake. *See* id. at 1201 ("The Tenth Circuit ... follows a very broad interpretation of the interest requirement with respect to public law issues")(quoting Moore et al., § 24.03[2][c]).

Under the circumstances here, HHS should be permitted to intervene. HHS is so situated that the disposition of the action without its participation as a party may, as a practical matter, impair or impede its ability to protect that interest. Although Plaintiff's adversary proceeding is brought against Mutual of Omaha, the real relief Plaintiff seeks is additional Medicare reimbursement from HHS. *See* Doc. 1 at ¶ 21. Mutual of Omaha does not have authority or control over the Medicare trust fund. The sole source of funds for paying Medicare claims is the federal government. *See Schweiker v. McClure*, 456 U.S. 188, 191 (1982) (observing that Medicare funds are paid by intermediaries "out of the Government's Trust fund – not out of its own pocket"). Also, Plaintiff's claims rest on alleged violations of Medicare regulations and rules. HHS is uniquely suited to protect its federal interest.

Moreover, HHS's interest is not adequately represented by the existing parties. *See San Juan County*, 503 F.3d at 1203 (observing that "much precedent states that a prospective intervenor need make only a minimal showing to establish that its interests are

not adequately represented by existing parties"); *see also id.* (the burden of showing the inadequacy of other parties should be treated as minimal) (internal quotation marks omitted). Here, none of the parties are federal agencies. HHS also is entitled to defenses that cannot be asserted by a non-governmental entity. As noted above, Congress has, in 42 U.S.C. § 405(h), narrowly limited judicial review of Medicare determinations. Moreover, based on the legislative history, the expectation from Medicare's intermediaries is that these types of challenges will ordinarily be brought against HHS and defended by HHS.

**B.      In the alternative, permissive intervention is warranted.**

In the alternative, HHS should be permitted to intervene in this action as a permissive matter pursuant to Federal Rule of Civil Procedure 24(b).

Rule 24(b)(2) provides, in relevant part:

> **By a Government Officer or Agency.** On timely motion, the court may permit a federal ... governmental officer or agency to intervene if a party's claim or defense is based on
>> (A) a statute or executive order administered by the officer or agency; or
>> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

"The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention." *San Juan County*, 503 F.3d at 1193. The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, permissive intervention is warranted. It is clear from Plaintiff's Complaint that Plaintiff's claims rest on the fiscal intermediary's alleged failure to properly implement HHS's rules and regulations under the Medicare statute. HHS is uniquely

10

situated to address and interpret that statute and those regulations. Because Plaintiff's claims focus on its entitlement to reimbursements from Medicare, its claims are against the public fisc, namely, the Medicare trust fund and the agency that administers that trust fund. Medicare reimbursement is relief that can be obtained only from the federal government. In addition, as explained above, Congress has clearly indicated the federal government, not the intermediary, as the real party in interest in actions challenging compliance with the Medicare Act.

Finally, there would be no unfair prejudice to Plaintiff or delay in allowing HHS to intervene at this time. This motion for intervention is being made at the outset of the case, not after a judgment or on appeal.

## CONCLUSION

For the reasons stated, HHS should be substituted pursuant to B.R. 7017 and Fed. R. Civ. P. 17(a) in place of Mutual of Omaha as the real party in interest in this action. In accordance with Local Rule 913(c), a proposed order is attached. In the alternative, if the Court declines to substitute HHS, HHS should be permitted, for the reasons stated, to intervene in this action.

HHS has also attached a motion for extension of time, and respectfully requests that if the Court grants this motion in either respect, that it accept for filing the attached motion for an extension of time for HHS to file its own response to the Complaint.

11

DATED this 30th day of May, 2008.

Respectfully submitted,

TROY A. EID
United States Attorney

By: Kevin T. Traskos
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  (303) 454-0100
Fax: (303) 454-0404

Attorneys for the United States

12

## CERTIFICATE OF SERVICE

I do hereby certify that on this 30th day of <u>May</u>, 2008, a true and correct copy of the **MOTION BY HHS FOR SUBSTITUTION OR, IN THE ALTERNATIVE, INTERVENTION** was deposited in the United States mail, postage prepaid, addressed to the following:

Ronald S. Weiss
2230 Commerce Tower
911 Main Street
Kansas City, MO 64105

Edward A. Corcoran
Brennan, Steil & Bastings, S.C.
22 East Mifflin Street, Suite 400
PO Box 990
Madison, WI 53701-0990


_____
U.S. Attorney's Office

13

# ATTACHMENTS

1. Proposed order on HHS's Motion for Substitution Or, In the Alternative, Intervention

2. Motion for Extension of Time for HHS to Respond to the Complaint

3. Proposed order on Motion for Extension of Time for HHS to Respond to the Complaint

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRECEDENT HEALTH CENTER | ) | Case No. 99-18326-SBB |
| OPERATIONS, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor, | ) | |
| ———————————————————— | ) | |
| | ) | |
| JEANNE Y JAGOW, Trustee of | ) | Adversary No. 08-01056-SBB |
| PRECEDENT HEALTH CENTER | ) | |
| OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MUTUAL OF OMAHA INSURANCE CO., | ) | |
| | ) | |
| Defendant/Counter-Claimant. | ) | |

---

### ORDER ON MOTION BY HHS FOR SUBSTITUTION OR INTERVENTION

---

The Court, having reviewed the Motion by the United States Department of Health and Human Services ("HHS") for Substitution Or, In the Alternative, Intervention, and sufficient cause appearing, hereby ORDERS that HHS is hereby substituted pursuant to B.R. 7017 and Fed. R. Civ. P. 17 for Mutual of Omaha Insurance Co. as the Defendant in this proceeding.  The Clerk shall modify the caption in accordance with this order.


DATED: _____


                         BY THE COURT:


                         _____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRECEDENT HEALTH CENTER | ) | Case No. 99-18326-SBB |
| OPERATIONS, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| JEANNE Y JAGOW, Trustee of | ) | Adversary No. 08-01056-SBB |
| PRECEDENT HEALTH CENTER | ) | |
| OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MUTUAL OF OMAHA INSURANCE CO., | ) | |
| | ) | |
| Defendant/Counter-Claimant. | ) | |

**MOTION BY HHS FOR EXTENSION OF TIME**
**TO RESPOND TO THE COMPLAINT**

The United States Department of Health and Human Services ("HHS"), by its

undersigned counsel, moves for an extension of time to respond to the Adversary

Complaint, upon the following grounds:

1.      HHS was not named by Plaintiff in this action.  After commencement of this

action, HHS moved pursuant to Bankruptcy Rule 7017 and Federal Rule of Civil Procedure

17 for substitution of HHS in in place of Defendant Mutual of Omaha or, in the alternative,

for leave to intervene in the action pursuant to Bankruptcy Rule 7024 and Federal Rule of

Civil Procedure 24.

2.      If the Court grants HHS's motion for substitution or the motion for

intervention, HHS desires to file its own response to the Complaint. If substitution is granted, HHS would be entitled to assert, as the defendant in interest, additional federal defenses and jurisdictional limitations that Mutual of Omaha would not have asserted in its response to the Complaint. If intervention is granted, HHS still would have federal defenses and jurisdictional limitations to assert, but the exact nature of these defenses and jurisdictional limitations to be asserted may be different based on Mutual of Omaha remaining in the suit.

3.     For these reasons, if the Court grants HHS's motion for substitution or for intervention, HHS respectfully seeks leave to file a response to the Complaint, as the real party in interest or as an intervenor (as the case may be), within ten business days of the Court's order granting substitution or intervention. HHS submits that because this case is at its beginning stages, such an extension will not prejudice Plaintiff. In accordance with Local Rule 913(c), a proposed order is attached.

DATED this 30th day of May, 2008.

Respectfully submitted,

TROY A. EID
United States Attorney

By: Kevin T. Traskos
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0404

Attorneys for the United States

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRECEDENT HEALTH CENTER | ) | Case No. 99-18326-SBB |
| OPERATIONS, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| JEANNE Y JAGOW, Trustee of | ) | Adversary No. 08-01056-SBB |
| PRECEDENT HEALTH CENTER | ) | |
| OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ). | |
| MUTUAL OF OMAHA INSURANCE CO., | ) | |
| | ) | |
| Defendant/Counter-Claimant. | ) | |

---

## ORDER ON MOTION FOR EXTENSION OF TIME

---

The Court, having reviewed the Motion by the United States Department of Health and Human Services ("HHS") for an extension of time to respond to the Complaint, and sufficient cause appearing, hereby ORDERS that HHS shall file its response to the Complaint on or before _____, 2008.

DATED: _____

BY THE COURT:

_____

DOCKET NO. 13

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRECEDENT HEALTH CENTER | ) | Case No. 99-18326-SBB |
| OPERATIONS, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor, | ) | |
| | ) | |
| JEANNE Y JAGOW, Trustee of | ) | Adversary No. 08-01056-SBB |
| PRECEDENT HEALTH CENTER | ) | |
| OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MUTUAL OF OMAHA INSURANCE CO., | ) | |
| | ) | |
| Defendant/Counter-Claimant. | ) | |

---

## ORDER ON MOTION BY HHS FOR SUBSTITUTION OR INTERVENTION

---

The Court, having reviewed the Motion by the United States Department of Health and Human Services ("HHS") for Substitution Or, In the Alternative, Intervention, and sufficient cause appearing, hereby ORDERS that HHS is hereby substituted pursuant to B.R. 7017 and Fed. R. Civ. P. 17 for Mutual of Omaha Insurance Co. as the Defendant in this proceeding. The Clerk shall modify the caption in accordance with this order.

Dated:           June 6, 2008

BY THE COURT:

_Sid Brooks_

Sidney B. Brooks,
United States Bankruptcy Judge

DOCKET NO. 17

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>PRECEDENT HEALTH CENTER OPERATIONS LLC<br><br>                                    Debtor. | Case No. 99-18326-SBB<br>Chapter 11 |
| JEANNE Y. JAGOW, TRUSTEE OF<br>PRECEDENT HEALTH CENTER OPERATIONS LLC,<br><br>                                    Plaintiff,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br><br><br>                                    Defendant. | Adversary Action<br><br>Case No.   08-01056-SBB |

## PLAINTIFF'S MOTION TO RECONSIDER ORDER FOR
## SUBSTITUTION OR INTERVENTION

COMES NOW Plaintiff, Jeanne Y. Jagow, Trustee of Precedent Health Center Operations, LLC, and for her motion to reconsider substitution or interventions, states:

1.  Plaintiff filed her Complaint against the Defendant, Mutual of Omaha Insurance Company seeking declaratory and other relief. The Defendant filed a response to Plaintiff's complaint and the parties have engaged in disclosures required by Rule 7026(a) of the Rules of Bankruptcy Procedure and the Rules of this Court. A Proposed Order governing procedure was thereafter submitted to the Court.

2.  On Friday, May 30, 2008 the United States Attorney for the District of Colorado on behalf of United States Department of Health and Human Services ("HHS") filed a motion

pursuant to Bankruptcy Rule 7017 seeking leave to substitute HHS in place of the Defendant, Mutual of Omaha Insurance Company or in the alternative, pursuant to Bankruptcy Rule 7024 to intervene in this action.

3.   The motion filed by HHS is approximately 11 pages containing extensive argument citing statutory, regulatory and case authority.  The plaintiff has been preparing a response to the HHS motion and is presently engaged in research regarding her response.

4.   On Friday, June 6th, five Court days after the filing of the HHS motion the Court entered its order substituting HHS for the defendant, Mutual of Omaha Insurance Company.

5.   There are significant issues to be addressed in response to the HHS motion involving the relationship of the parties and conduct of the Defendant, Mutual of Omaha, independent and outside the scope of any relationship with HHS.  Plaintiff submits that she should be entitled to a reasonable amount of time to respond to the HHS motion, and has been unable to do so within five Court days of its filing.

6.   Plaintiff is filing, contemporaneously with this motion, a motion requesting additional time to adequately respond to the HHS motion for substitution or intervention.  Defendant HHS has no objection to Plaintiff's request for leave to file this motion for reconsideration.  Defendant HHS notes, however, that on June 6, 2008, the Court issued an Order directing HHS to file its response to the Complaint by June 13, 2008.  HHS respectfully requests that it be granted an opportunity to respond to the motion, and also that the Court vacate its deadline to file a response to the Complaint until after the Court issues a ruling on the motion for reconsideration.  Plaintiff has no objection to this request.

7.   To allow sufficient time to adequately respond to the HHS motion will not delay the discovery, preparation and ultimate disposition of this case, but rather will afford all parties an

opportunity to adequately present issues to the Court for a fair and equitable adjudication.

WHEREFORE, Plaintiff prays the Court for an order reconsidering and setting aside its Order of June 6, 2008 for substitution or intervention; and for such other and further relief as is just and proper.


Respectfully submitted,

BERMAN, DeLEVE, KUCHAN & CHAPMAN, L.C.


By____s/ Ronald S. Weiss_____
       Ronald S. Weiss,    MO #21215
       2230 Commerce Tower
       911 Main
       Kansas City, Missouri 64105
       (816) 471-5900 '
       (816) 842-9955 fax
       rweiss@bdkc.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was forwarded this   day of June, 2008, by first class mail, postage prepaid, or by electronic transmission as applicable, to:

Kevin T. Traskos
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Attorneys for United States

Edward B. Corcoran
Brennan, Steil & Bastings, S.C.
22 East Mifflin Street, Suite 400
PO Box 990
Madison, WI 53701-0990
Attorney for Mutual of Omaha Insurance Company

s/ Ronald S. Weiss
Ronald S. Weiss,      MO #21215

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO (DENVER)

In re:

**PRECEDENT HEALTH CENTER OPERATIONS LLC**

**Case No. 99-18326-SBB**
**Chapter 11**

Debtor.

_____

**JEANNE Y. JAGOW, TRUSTEE OF
PRECEDENT HEALTH CENTER OPERATIONS LLC,**

**Plaintiff,**

**Adversary Action**

vs.

**Case No.   08-01056-SBB**

**MUTUAL OF OMAHA INSURANCE COMPANY,**

**Defendant.**

## ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUBSTITUTION OR, IN THE ALTERNATIVE, INTERVENTION

The Court, having reviewed Plaintiff's Motion for Extension of Time to Respond to Motion for Substitution Or, In the Alternative, Intervention, hereby GRANTS said motion.  The Court's Order Granting Substitution (dated June 6, 2008) is VACATED.  IT IS ORDERED THAT Plaintiff shall file a response to HHS's Motion for  Substitution or, In the Alternative, Intervention, on or before July 7, 2008. HHS shall file a reply thereto, if necessary and appropriate on or before July 14, 2008, at which time the matter will be deemed submitted.

Dated: _____  June 16, 2008

BY THE COURT:

_Sid Brooks_
_____
Sidney B. Brooks,
United States Bankruptcy Judge

**DOCKET NO. 18**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PRECEDENT HEALTH CENTER | ) | Bankruptcy Case No. |
| OPERATIONS, LLC | ) | 99-13326-SBB |
| Debtor. | ) | (Chapter 11) |
| | ) | |
| ──────────────────── | ) | |
| | ) | |
| JEANNE Y. JAGOW, Trustee of the | ) | |
| Precedent Health Center Operations, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-01056-SBB |
| MUTUAL OF OMAHA INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

**ORDER  DENYING, WITHOUT PREJUDICE, MOTION FOR SUBSTITUTION OR, IN**
**THE ALTERNATIVE, INTERVENTION FILED BY THE UNITED STATES**
**DEPARTMENT OF HEALTH AND HUMAN SERVICES ON MAY 30, 2008**
**(DOCKET #11)**

THIS MATTER came before the Court on November 25, 2008 for oral argument regarding the Motion for Substitution or, in the Alternative, Intervention ("Motion to Substitute or Intervene ") filed by the United States Department of Health and Human Services ("HHS") on May 30, 2008 (Docket #11); the Response thereto filed by Jeanne Y. Jagow, Trustee of the Precedent Health Center Operations, LLC ("Plaintiff"), filed on July 7, 2008 (Docket #27); HHS's Reply thereto filed on July 28, 2008 (Docket #31); and the Sur-Reply filed by the Plaintiff on August 6, 2008 (Docket #32).  The Court, having reviewed the pleadings before the Court and the within case file, and having considered the argument of counsel, makes the following findings, conclusions, and enters the following Order.

**I.**  **Findings and Conclusions**

On May 30, 2008, HHS filed the Motion to Substitute or Intervene.  On June 6, 2008, this Court entered its Order Granting the Motion to Substitute or Intervene (Docket #13).  Thereafter, on June 13, 2008, the Plaintiff filed a Motion to Reconsider this Court's Order Granting the Motion to Substitute or Intervene ("Motion to Reconsider") (Docket #16).  The Plaintiff filed her Response on July 7, 2008 (Docket #27) and HHS filed a Reply thereto on July 28, 2008 (Docket #31).  Plaintiff filed her Sur-Reply filed by the Plaintiff on August 6, 2008 (Docket #32).  While no response has formally been filed to the Motion to Reconsider by HHS, elements of HHS's arguments against reconsideration are contained in its Reply.  Mutual of Omaha Insurance

Company ("Mutual of Omaha") has not filed any responsive pleading to either the Motion to Reconsider or the Motion to Substitute or Intervene.

The target of the Plaintiff's Complaint is the original defendant, Mutual of Omaha.  The gravamen or centerpiece of the Plaintiff's Complaint is that Mutual of Omaha failed to perform its duties as a fiscal intermediary, and that it acted as an agent of HHS, but "failed to perform its obligation and responsibilities pursuant to Medicare Rules and Regulations...."  The allegations of the Complaint filed by the Plaintiff and the Answer filed by Mutual of Omaha are, arguably, ambiguous, or unclear, as to whether HHS is responsible, culpable or liable, directly or indirectly, for the damages claimed by the Plaintiff.[1]

By contrast, it is unequivocal and unqualified from the pleadings filed by the Plaintiff in Response to HHS's Motion to Substitute or Intervene, that the Plaintiff seeks damages from Mutual of Omaha, *solely and exclusively*, and does so based on claims that the Defendant, Mutual of Omaha:  (i) "...acted outside of its scope of authority....",[2]  (ii) engaged in "...intentional or grossly negligent acts....",[3]  and, (iii) is not seeking damages for "...omissions or mistakes occurring in the ordinary performance of the intermediary's duties...."  Moreover, Plaintiff affirmatively *disclaims* any right or claim against the United States Government or the Treasury of the United States.   Rather, she seeks damages "...being asserted against Mutual and not the U.S. government."[4]

The cases cited by HHS for the proposition that HHS is the "real party in interest" and should thus be substituted for Mutual of Omaha are substantially and effectively distinguished from the case before the court, and until HHS can better demonstrate that it is the real party in interest—through discovery or otherwise—it has no standing to be substituted for Mutual.[5]

---

[1]       Mutual of Omaha does raise two affirmative defenses related to the Complaint that assert that:

        Plaintiff has filed to join necessary party, namely, the Centers for Medicare & Medicaid Services of the U.S. Department of Health and Human Services.

        ...

        Plaintiff has no right to the review of a Medicare fiscal intermediary's refusal to reopen a reimbursement determination under its Medicare contract with the Centers for Medicare & Medicaid Services of the U.S. Department of Health and Human Services.

Answer at 3, ¶s 28 and 29.

[2]       Response at 5.

[3]       Response at 5.

[4]       Response at 10.

[5]       The cases cited by HHS, which this Court believes are distinguishable (as discussed in the

(continued...)

2

With respect to intervention, HHS has neither admitted or acknowledged any liability for any of the specified damages, nor are it's interests or rights being challenged in this litigation; only those of the intermediary, Mutual of Omaha, for alleged acts and omissions beyond the scope of their responsibilities to HHS. Moreover, FED.R.CIV.P. 2(a) and (b) (made applicable to adversary proceedings by FED.R.BANKR.P. 7024) are not satisfied. Although it is conceivable that a representative or representatives of HHS may be called as a witness, or witnesses, there is no critical nexus which implicates HHS in this litigation insofar as the Plaintiff's claims.[6]

## II.    Order

Based upon the above and foregoing

IT IS ORDERED that the Motion to Substitute or Intervene is denied without prejudice. After the Plaintiff and Defendant, Mutual of Omaha, conduct discovery, then any party may seek to join parties, or HHS may again seek intervention, depending on the evidence adduced during the discovery phase of this litigation between the two parties in interest currently named as parties in this adversary proceeding.

Dated this 2nd day of December, 2008.

BY THE COURT:

Sidney B. Brooks,
United States Bankruptcy Judge

---

[5](...continued)
Plaintiff's Response) are: *Mitchell v. Occidental Ins.*, 619 F.2d 28 (9 th Cir. 1980); *Peterson v. Weinberger*, 508 F.2d 45 (5 th Cir. 1975); *Pine View Gardens, Inc. v. Mutual of Omaha Ins. Co.*, 485 F.2d 1073 (D.C.Cir. 1973); *Edgepark, Inc. v. Nationwide Mut. Ins. Co.*, 746 F.Supp. 696 (N.D. Ohio 1990); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998).

[6]       This Court would note that it is rather unusual, even perhaps peculiar, that HHS would, as here, unilaterally and voluntarily seek substitution as a party-defendant against financial claims which might, conceivably, be not insubstantial. It is not common to see a party, including the United States government, eagerly insert itself into litigation to which it was not invited, or submit itself to possible liability where it is not requested.

3

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| PRECEDENT HEALTH CENTER | ) | 99-13326-SBB |
| OPERATIONS, LLC | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| JEANNE Y. JAGOW, Trustee of the | ) | |
| Precedent Health Center Operations, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-01056-SBB |
| MUTUAL OF OMAHA INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

**JUDGMENT DENYING, WITHOUT PREJUDICE, MOTION FOR SUBSTITUTION OR, IN THE ALTERNATIVE, INTERVENTION FILED BY THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ON MAY 30, 2008**
**(DOCKET #11)**

The above-captioned matter came before the Court on November 25, 2008 for oral argument regarding the Motion for Substitution or, in the Alternative, Intervention ("Motion to Substitute or Intervene ") filed by the United States Department of Health and Human Services ("HHS") on May 30, 2008 (Docket #11); the Response thereto filed by Jeanne Y. Jagow, Trustee of the Precedent Health Center Operations, LLC ("Plaintiff"), filed on July 7, 2008 (Docket #27); HHS's Reply thereto filed on July 28, 2008 (Docket #31); and the Sur-Reply filed by the Plaintiff on August 6, 2008 (Docket #32).

In accordance with the Order issued by this Court concurrently herewith,

IT IS ORDERED AND ADJUDGED that the Motion to Substitute or Intervene is DENIED.

Dated this 2nd day of December, 2008.

FOR THE COURT,

Bradford L. Bolton, Clerk

By: _____
                    Deputy

APPROVED AND ACCEPTED:

By: _____
        Sidney B. Brooks
        U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
District of Colorado

---

In re: Precedent Health Center Operations LLC
Debtor(s),

Bankruptcy Case No.: 99-18326-SBB
Chapter: 7

Jagow

Plaintiff,

v.

United States Department of Health and Human Servi

Defendant.

Adversary No.: 08-1056-SBB

---

NOTICE OF ENTRY ON DOCKET

NOTICE IS HEREBY GIVEN pursuant to Fed.R.B.P. 9022, that the following Judgment was entered on the docket of the above case on 12/2/2008:

IT IS ORDERED AND ADJUDGED that the Motion to Substitute or Intervene is DENIED.

FOR THE COURT:
Bradford Bolton, Clerk