IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-00191-RPM

In re:

PRECEDENT HEALTH CENTER OPERATIONS LLC,

        Debtor,

JEANNE Y. JAGOW, TRUSTEE OF
PRECEDENT HEALTH CENTER OPERATIONS LLC,

        Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE COMPANY,

        Defendant.

_____

ORDER OF WITHDRAWAL OF REFERENCE AND GRANTING MOTION TO
INTERVENE BY UNITED STATES DEPARTMENT OF HEALTH AND HUMAN
SERVICES
_____

      The Court has reviewed the following pleadings filed in the Bankruptcy Court for this District:

      Complaint for Declaratory Judgment, filed January 15, 2008, and designated Adversary No. 08-01056-SBB.

      Answer, Affirmative Defenses and Counter Claim, filed by defendant Mutual of Omaha Insurance Company, dated March 12, 2008.

      Motion by HHS for Substitution or, in the Alternative, Intervention, filed by United States Department of Health and Human Services, dated May 30, 2008.

      Order Denying, Without Prejudice, Motion for Substitution or, in the Alternative, Intervention filed by United States Department of Health and Human Services on May 30, 2008, dated December 2, 2008, with judgment on that date.

Motion for Withdrawal of Reference of Adversary Proceeding, dated December 31, 2008, with supporting brief.

Plaintiff's Suggestions and Authorities in Opposition to Defendant's Motion for Withdrawal of Reference of Adversary Proceeding filed January 20, 2009.

Defendant's Reply to Plaintiff's Suggestions and Authorities in Opposition to Defendant's Motion for Withdrawal of Reference, filed January 30, 2009.

From these pleadings, the Court finds and concludes that this adversary proceeding is not a core proceeding within the definition in 28 U.S.C. § 157(a)(2) and that the resolution of the proceeding for declaratory relief involves questions arising under the Medicare Act and its implementing regulations in that Mutual of Omaha Insurance Company is being sued as a fiscal intermediary with responsibilities to the Department of Health and Human Services (DHHS). Ultimate liability for payment of reimbursement for services which are the subject of the complaint for declaratory relief is with DHHS. The denial of the DHHS motion to intervene by the bankruptcy judge is error. That agency has the obligation as well as the right to protect its interests by participating in this litigation. Accordingly, it is

ORDERED that pursuant to 28 U.S.C. § 157(d) this adversary proceeding is withdrawn from the Bankruptcy Court and shall proceed in this court as Civil Action No. 09-cv-00191-RPM. It is

FURTHER ORDERED that the order denying intervention by United States Department of Health and Human Services is reversed and the United States Department of Health and Human Services as an intervenor defendant shall file an answer to the complaint on or before March 11, 2009. It is anticipated that the Court

will convene a scheduling conference under Fed.R.Civ.P. 16 at a time to be scheduled with counsel for all parties.

DATED: February 26th , 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge