IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-00191-RPM

In re:

PRECEDENT HEALTH CENTER OPERATIONS LLC,

        Debtor,

JEANNE Y. JAGOW, TRUSTEE OF
PRECEDENT HEALTH CENTER OPERATIONS LLC,

        Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE COMPANY,

        Defendant,

and

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

        Intervenor Defendant.

_____

ORDER OF DISMISSAL
_____

      Precedent Health Center Operations LLC, the operator of a health care facility that provided Medicare and Medicaid services to patients, filed a Chapter 7 bankruptcy proceeding on July 1, 1999.  Jeanne Y. Jagow was appointed Trustee and served in that capacity.  The Trustee submitted Cost Reports to Mutual of Omaha Insurance Company as the fiscal intermediary for United States Department of Health and Human Services as required by statute and regulations to obtain reimbursement for providing Medicare services.  In a complaint for declaratory judgment, filed as an adversary action in the Bankruptcy Court, the Trustee alleges that a final Cost Report was submitted to

Mutual on July 5, 2005, but that it failed to issue a Notice of Program Reimbursement by July 6, 2006, as required by law, thereby depriving the plaintiff of her rights to reimbursement.  The relief sought is for a declaration of liability of Mutual for all sums due from Medicare for reimbursement and for statutory penalties and exemplary damages for failure to comply with applicable regulations and procedures of DHHS.

On February 26, 2009, this Court entered an Order of Withdrawal of Reference and Granting Motion to Intervene by United States Department of health and Human Services as an additional defendant.

On March 11, 2009, Mutual of Omaha Insurance Company and United States Department of Health and Human Services, both represented by the United States Attorney for the District of Colorado, filed motions to dismiss for lack of subject matter jurisdiction.  The defendants' motions explain in detail the Medicare reimbursement program and it is clear from the explanation that the fiscal intermediary operates solely under the authority of the Department of Health and Human Services and has no liability for making the payments sought by the Trustee.  The motions also make clear that the Medicare Act provides an administrative appeal process including a hearing before the Provider Reimbursement Review Board.  42 U.S.C. § 1395oo.  The decision of that board is subject to judicial review by a civil action in the appropriate federal district court.  42 U.S.C. § 1395oo(f).  The Act adopts the judicial review provisions of the Social Security Act in 42 U.S.C. § 405(g) and explicitly provides that the review is the exclusive remedy.  42 U.S.C. § 405(h).  The Supreme Court has made that clear in *Shalala v. Illinois Council on Long-Term Care, Inc.,* 529 U.S. 1, 12 (2000).

The plaintiff Trustee seeks to avoid these contentions in her response of April 7,

2009, by asserting that the claim is being made only against Mutual of Omaha Insurance Company and therefore 42 U.S.C. § 405(h) does not apply.  The Trustee has not explained how the fiscal intermediary under the Medicare Act is not entitled to statutory immunity and has not explained why the Department of Health and Human Services is not the real party in interest.  This Court holds that Mutual of Omaha Insurance Company has no liability in this matter, that the Department of Health and Human Services is the only proper source of the claim for reimbursement under Medicare and that the plaintiff has failed to exhaust her administrative remedies. Accordingly, because this Court has no subject matter jurisdiction it is

ORDERED that this action is dismissed.

DATED:    April 14th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge